UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEGERTHIA I. JOHNSON,

        Plaintiff,

vs.                            Case No. 3:04-cv-729-J-32MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

        Defendant.
                                    /

## MEMORANDUM OPINION AND ORDER

**THIS CAUSE** is before the Court on Plaintiff Legerthia L. Johnson's Complaint

(Doc. No.1), seeking judicial review of a final administrative decision terminating her

eligibility for Social Security benefits.[1]  The Court has thoroughly reviewed the record,

the briefs and the applicable law.  For the reasons set forth herein, the Commissioner's

decision is **REVERSED** and **REMANDED** for further findings consistent with this

Memorandum Opinion and Order.

I.     **PROCEDURAL HISTORY**

Plaintiff filed an application for a period disability and disability insurance benefits

("DIB"), on May 28, 1998, alleging she became unable to work on February 6, 1997.

(Tr. 81-83).  The Social Security Administration ("SSA") granted Plaintiff's application

and determined her disability began January 5, 1999, due to acute myeloid leukemia.

---

[1]The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. See Doc. No. 4.

(Tr. 24). Plaintiff was therefore awarded a period of disability and DIB. (Tr. 13). The SSA subsequently conducted a continuing disability review and, on May 21, 2002, concluded Plaintiff's health had improved to the extent she could return to work. (Tr. 26, 35-37).[2] Plaintiff filed a timely request for reconsideration which was denied. (Tr. 39). Plaintiff then filed a request for a hearing on the matter which was granted. (Tr. 13). On December 9, 2003, an administrative law judge ("ALJ") conducted a hearing to determine whether Plaintiff's entitlement to a period of disability and DIB had terminated. (Tr. 611-630). Notably, pending the outcome of her administrative appeal, Plaintiff elected to continue receiving disability benefits. (Tr. 72-73).

The ALJ issued a decision dated February 3, 2003, concluding Plaintiff's condition had medically improved and that she was no longer disabled within the meaning of the Social Security Act. (Tr. 13). Pursuant to sections 216(i) and 223, respectively, of the Social Security Act, the ALJ further concluded Plaintiff's entitlement to a period of disability as well as DIB ended effective July 1, 2002. (Tr. 18). Plaintiff filed a timely request for review by the Appeals Council which was denied on June 18, 2004. (Tr. 5-8). Consequently, the ALJ's February 3, 2003 decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.955, 404.981. Plaintiff then filed a timely complaint in the United States District Court on August 26, 2004. See Doc. No. 1.

---

[2]There is a statutory requirement that a claimant's continued entitlement to disability benefits be reviewed periodically. 20 C.F.R. § 404.1594(a). Generally, the Social Security Administration must determine if there has been any medical improvement in a claimant's impairments, and if so, it must be determined whether the medical improvement is related to her ability to work. 20 C.F.R. § 404.1594(a); see also 20 C.F.R. § 404.1594(c).

## II.   NATURE OF DISABILITY CLAIM

### A.   Summary of Plaintiff's Position

Plaintiff claims an inability to work due to residual pain following a lumpectomy of her left breast and radiation therapy; degenerative disc disease; arthritis; and chronic pain in her back and lower extremities.  In sum, Plaintiff challenges the Commissioner's final decision on three grounds.  First, Plaintiff contends the ALJ's assessment of her severe medical impairments is substantially inaccurate.  Second, Plaintiff contends the ALJ failed to properly find chronic pain as a non-exertional limitation on her ability to perform the full range of sedentary work.  Third, Plaintiff argues the Commissioner's final decision fails to adequately address her alleged overpayment of benefits in the amount of $21,218.80.  Accordingly, Plaintiff requests the Commissioner's final decision be reversed and the matter remanded for the payment of benefits.  Alternatively, Plaintiff requests the matter be reversed and remanded with specific instructions for a supplemental hearing.

### B.   Summary of the Commissioner's Position

In response, the Commissioner maintains the ALJ properly considered the evidence presented in determining the severity of Plaintiff's impairments.  The Commissioner further maintains the ALJ applied the correct legal standards in evaluating Plaintiff's subjective complaints of pain.  Additionally, the Commissioner maintains Plaintiff's claim of overpayment is not yet ripe for judicial review because Plaintiff has failed to exhaust her administrative remedies on the matter.  The Commissioner therefore requests her final decision be affirmed.

## C.     Factual Summary

Plaintiff was born September 28, 1946.[3]  (Tr. 614-615).  She possesses a high school education and her past relevant work includes employment as a merchandise handler and call center representative.  (Tr. 615).

Plaintiff was diagnosed with breast cancer in February 1997.  She underwent a lumpectomy of her left breast and postoperative chemotherapy.  After complaining of fatigue and an inability to function, Plaintiff was subsequently diagnosed with acute myelogenous leukemia.  Additionally, the record reveals Plaintiff is positive for degenerative disc disease at L3-4 and L4-5 with abnormal signal intensity in L1 as well as degenerative arthritis in both knees and right ankle.

On May 28, 1998, Plaintiff filed an application for disability benefits alleging she became unable to work on February 6, 1997, due to her condition following the lumpectomy of her left breast; acute myeloid leukemia; degenerative disc disease at L3 through L5; and lower back pain radiating to both legs.  The SSA granted Plaintiff's application, finding that she was disabled due to acute myeloid leukemia and that her disability began January 5, 1999.

As part of its periodic review of Plaintiff's disability, on September 6, 2002, a disability hearing officer, found that Plaintiff's breast cancer and leukemia were in remission.  The hearing officer further found that Plaintiff continued to experience symptoms associated with her degenerative disc disease and arthritis.  Nevertheless, based upon his findings, the hearing officer concluded Plaintiff was no longer disabled

---

[3]Plaintiff was 55 years of age at the time the ALJ conducted the administrative hearing.

and capable of returning to her past work as a call center representative. Plaintiff requested reconsideration of the hearing officer's determination, asserting she was unable to work. Plaintiff's request for reconsideration was denied. Plaintiff then requested administrative review to determine whether she remained entitled to receive disability benefits. Plaintiff's request was granted and an ALJ conducted a hearing on December 9, 2003.

In his decision, dated February 3, 2004, the ALJ applied the continuing disability review evaluation outlined in 20 C.F.R. § 404.1594(f). After considering the evidence presented, including Plaintiff's testimony, the ALJ made the following relevant findings:

1.  Plaintiff has not engaged in substantial gainful activity since January 5, 1999, the onset date of her disability;

2.  The medical evidence presented establishes Plaintiff has a history of breast cancer and a history of leukemia, both currently in remission.

3.  The medical evidence presented does not establish Plaintiff has an impairment or combination of impairments which meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4.  The medical evidence presented establishes that there has been an improvement in Plaintiff's medical condition;

5.  The improvement in Plaintiff's medical condition is related to her ability to do work;

6.  The medical evidence presented establishes Plaintiff currently has a severe impairment, degenerative joint disease; and

7.  Plaintiff retains the residual functional capacity to perform her past relevant work at the sedentary level of exertion.

See Tr. at p. 17. Based upon his findings, the ALJ concluded Plaintiff's disability ceased on May 1, 2002. The ALJ further concluded Plaintiff's entitlement to a period of disability and DIB terminated effective July 1, 2002.

## III.   APPLICABLE STANDARDS

### A.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995), citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979

F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

B.    Standard for Determining Continuing Disability

An individual who files an application for Social Security disability benefits must prove that she is disabled. See 20 C.F.R. § 416.912 (2004). The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the claimant is entitled to disability benefits, the Commissioner is required to conduct a periodic review to determine whether those benefits should continue. See 20 C.F.R. § 404.1594(a). If upon review the Commissioner finds there has been medical improvement related to the claimant's ability to work, the benefits cease. Id.

Medical improvement is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). A decrease in severity determination must be based on improvements in the claimant's symptoms, signs or laboratory findings. Id. The Social Security Regulations ("Regulations") provide an eight-step sequential evaluation for determining if a claimant's disability continues. See 20 C.F.R. § 404.1594(f).

First, the claimant must not be engaged in "substantial gainful activity." 20 C.F.R. § 404.1594(f)(1). Second, it must be determined whether the claimant has an

-7-

impairment or combination of impairments which meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1594(f)(2). If the claimant's condition meets or equals the level of severity of a listed impairment, the claimant's disability continues. If the severe impairment does not meet or equal the severity of a listed impairment, the ALJ proceeds to the third step, namely, an assessment of whether there has been medical improvement of the claimant's condition. 20 C.F.R. § 404.1594(f)(3). Fourth, if there has been medical improvement, it must be determined if that improvement is related to the claimant's ability to do work. 20 C.F.R. § 404.1594(f)(4). If there has not been medical improvement, the ALJ proceeds to the fifth step to determine whether any exceptions listed in 20 C.F.R. §§ 404.1594(d) and (e) apply. 20 C.F.R. § 404.1594(f)(5).

Sixth, if there has been medical improvement, it must be determined whether all the claimant's current impairments in combination are severe–i.e., whether the current impairments in combination significantly limit the claimant's ability to perform work related activities. 20 C.F.R. § 404.1594(f)(6). If the severe impairment does not meet or equal the severity of a listed impairment, the examiner proceeds to the seventh step, an assessment of the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1594(f)(7). The assessment measures whether a claimant can perform past relevant work despite her impairment. If the claimant is unable to do past relevant work, the examiner proceeds to the eighth and final step of the evaluation to determine whether, in light of her RFC, age, education and work experience, the claimant can perform other work. 20 C.F.R. § 404.1594(f)(8).

Case 3:04-cv-00729-MCR   Document 14   Filed 09/29/05   Page 9 of 17 PageID 82

## IV.    ANALYSIS

### A.    Whether the Commissioner's evaluation of Plaintiff's impairments is substantially accurate

Plaintiff argues the ALJ's analysis at step two of the sequential evaluation is deficient because it fails to include the severity of her manipulative limitations as well as her back and lower extremity pain.  Specifically, Plaintiff states: "At step two of the disability sequel, the ALJ would have the reader believe that the claimant's severe impairments were limited to only degenerative disc disease of the spine and arthritis of the knees."  Doc. No. 1 at p. 6.  The Commissioner, on the other hand, argues the ALJ properly considered all of the relevant evidence presented.

As an initial matter, the Court notes Plaintiff presents her argument within the context of the five-step sequential evaluation used to determine whether a Plaintiff is disabled as defined by the Social Security Act.  See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  This case however involves a determination of whether Plaintiff's disability continues; therefore, the eight-step sequential evaluation set forth in 20 C.F.R. § 404.1594(f) provides the proper analysis.  At issue is step two of the eight-step inquiry:  whether Plaintiff has an impairment or combination of impairments which meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

In the decision, at step two of his analysis, the ALJ found the evidence presented failed to show that Plaintiff had a severe impairment which met or medically equaled a listed impairment.  (Tr. 14).  The ALJ explained that Plaintiff's most recent favorable decision was rendered on January 20, 1999.  At that time, the SSA determined Plaintiff was disabled because she had a impairment which met the requirements of Listing

-9-

7.11, entitled "acute leukemia." The ALJ further explained that, because the medical evidence showed Plaintiff's leukemia was in remission, the impairment no longer met the requirements of Listing 7.11. Based upon the Court's review, the ALJ's step-two analysis is proper. Additionally, substantial evidence supports the ALJ's finding that Plaintiff's leukemia is in remission and therefore no longer meets the requirements of Listing 7.11. (Tr. 310-577).

In making a determination of continuing eligibility, the ALJ is required to consider all of a claimant's current impairments, rather than just the impairments present at the time of the most recent favorable determination. See 20 C.F.R.404.1594(6). Therefore, with respect to Plaintiff's assertion that the ALJ failed to properly consider the severity of her manipulative limitations as well as her back and lower extremity pain, the Court turns its attention to the ALJ's analysis at step six of the eight-step evaluation. At step six of his analysis, the ALJ found the medical evidence presented showed Plaintiff has degenerative disc disease and arthritis. (Tr. 16). He further found the impairments are severe within the meaning of the Regulations because they significantly limit Plaintiff's ability to do work related activities at the heavier exertional levels. Id. The impairments however do not meet or medically equal a listed impairment.

Based upon it's review of the medical evidence presented, the Court concludes the ALJ findings are proper and in fact supported by substantial evidence. Moreover, Plaintiff does not challenge the ALJ's findings to the extent she has degenerative disc disease and arthritis or that the impairments impose a significant limitation on her ability

to work. Rather, Plaintiff argues the objective medical evidence shows additional limitations on her ability to work, namely chronic pain which, among other things, restricts movement of her upper and lower extremities. Thus, in effect Plaintiff merely emphasizes her second argument which is fully addressed below.

B.     **Whether the Commissioner's evaluation adequately considered the effect of the non-exertional limitations on the ascribed sedentary base**

In sum, Plaintiff argues the ALJ failed to properly consider her subjective complaints of pain as well as its effect on her ability to perform the full range of sedentary work. Plaintiff states: "the ALJ [in this case] should have recognized that pain was in fact a 'non-exertional impairment that limited the range of jobs the claimant could have performed.'" Doc. No. 1 at p. 10. Plaintiff further argues the ALJ erred by failing to elicit testimony from a vocational expert ("VE") to: (1) determine the extent her pain erodes the sedentary occupational base; and (2) provide examples of jobs she could perform. Id. The Commissioner counters by arguing the ALJ applied the proper legal standard in evaluating Plaintiff's subjective complaints of pain. Additionally, the Commissioner argues that, because the ALJ found that Plaintiff could return to her past work, he was not required to elicit testimony from a VE.[4]

### Pain

Pain is a non-exertional impairment. Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about her symptoms,

---

[4]The Court notes that the Commissioner also erroneously presents her arguments in the context of the five-step sequential analysis. As discussed above, the eight-step evaluation provided in 20 C.F.R. § 404.1594(f) provides the proper analysis.

including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, 67 F.3d at 1560, quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

Additionally, when assessing the credibility of a claimant's statements, the Social Security Regulations set forth the following seven factors the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and side effects of any medications used to alleviate pain or other symptoms; (5) treatment other than medication received for relief of pain or other symptoms; (6) any measures, other than treatment used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also SSR 96-7p and SSR 96-3p. Pain alone can be disabling, even when its existence is unsupported by objective evidence, Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

-12-

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. Foote, 67 F.3d at 1561-62; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

In this case, Plaintiff provided the following relevant testimony. She experiences neck pain accompanied by sharp pain radiating from her left shoulder to her wrist. (Tr. 619, 620, 622, 623). Plaintiff reported an increase in the intensity of the left arm pain and an onset of right arm pain to her primary care physician approximately three weeks prior to the administrative hearing. (Tr. 619, 620, 623). As a result of the neck pain, Plaintiff gets throbbing headaches. (Tr. 616, 620). Additionally, she experiences constant lower back pain radiating to both legs, but more significant in the left leg. (Tr. 621).

Additionally, Plaintiff testified she has trouble sleeping due to pain in her back, left arm and legs. (Tr. 624). Her daily activities include driving less than a mile to take her daughter to work, lying in bed and watching television. (Tr. 625-626). While driving Plaintiff experiences pain and difficulty gripping the steering wheel. (Tr. 625). Plaintiff does not socialize with others outside her home and does not pursue any hobbies. (Tr.

627).  Plaintiff can lift a gallon of milk with each hand however experiences significant

pain when she does so.  (Tr. 629).

        In considering Plaintiff's statements about her pain, the ALJ concluded the

testimony was not supported by objective medical evidence of a condition that could

produce such pain symptoms.  (Tr. 16).  The Court disagrees.  In part, Plaintiff alleges

constant lower back and leg pain.  In the decision, the ALJ did in fact find evidence of

underlying medical conditions which could reasonably be expected to produce the back

and leg pain Plaintiff alleges–i.e., the degenerative disc disease and arthritis of the

knees.  (Tr.16).  Although the ALJ found the medical evidence did not show the

impairments were severe enough to preclude Plaintiff's ability to perform some basic

work activities, this did not provide adequate reasons for discounting Plaintiff's

complaints of pain.  Marbury, 957 F.2d at 840 n. 2.

        With respect to Plaintiff's alleged left arm pain, the ALJ stated:

        She testified that this pain started three weeks prior to the hearing.  She
        testified that the pain was severe.  The claimant then contradicted herself
        and stated that she always had left arm pain since the cancer surgery but
        that 'it was not severe until a few weeks ago.'

(Tr. 14).  Although unclear, it appears the ALJ rejected Plaintiff's complaints of arm

pain based solely upon a perceived contradiction in her testimony.  In reviewing the

decision, however, the Court is unable to determine whether the ALJ found evidence of

an underlying condition which could reasonably be expected to produce the pain.

Plaintiff maintains her allegations of left arm pain are consistent with evidence of

significant scarring at the incision site on her left breast.  (Doc. No. 10).  The Court

however rejects Plaintiff's argument because there is no supporting medical evidence to

suggest the tenderness Plaintiff experienced in her left breast resulted in the alleged

sharp pain radiating from her left shoulder to her wrist.[5]

The ALJ's evaluation of Plaintiff's subjective complaints of pain is flawed.  This

case is therefore **REMANDED**.  The ALJ shall reconsider Plaintiff's complaints of pain

and clarify the basis of his decision.  Upon remand, this Court expresses no opinion as

to whether Plaintiff's pain testimony must be accepted or rejected; however, the ALJ

should be mindful of the aforementioned standards of the Eleventh Circuit.  If the ALJ

concludes that Plaintiff's pain testimony is not credible, he should fully explain his

decision in detail, clearly articulating specific reasons for discounting the testimony

which are supported by substantial evidence in the record.  Additionally, the ALJ is

reminded that he must "state the weight he accords to each item of impairment

evidence and the reasons for his decision to accept or reject that evidence."  Lucas v.

Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990) (citing Gibson v. Heckler, 779 F.2d 619

(11th Cir. 1986)).

### When Vocational Expert Is Necessary

Based upon her argument that the ALJ failed to recognize her pain as a non-

exertional impairment, Plaintiff maintains the impairment significantly erodes the

sedentary occupational base.  Plaintiff therefore argues the ALJ erred by failing to elicit

testimony from a VE to provide examples of the types of work she could perform.  The

Court disagrees.  Notwithstanding his evaluation of Plaintiff's subjective complaints of

---

[5]The Court notes Plaintiff's diagnosis of arthritis accompanied by joint pain in the shoulder, hands, back and ankles could possibly produce Plaintiff's alleged pain.  See Tr. 224.

pain, the ALJ found that Plaintiff was able to perform the full range of sedentary work at her given residual functional level and that she had no non-exertional impairments that significantly limit basic work skills.  The ALJ further determined Plaintiff could return to her past work as a call center representative.  Because the ALJ concluded that Plaintiff is capable of performing her past work, testimony from a VE was not necessary.  Lucas v. Sullivan, 918 F.2d 1567, 1573 (11th 1990).  If on remand the ALJ determines that Plaintiff is not able to perform any of her past relevant work, use of a VE may be necessary.  See Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987).

C.    **Whether the Commissioner's decision should be (or is likely to be) applied in a mechanistic fashion with respect to the assessed overpayment that was relevant to the record and final decision**

Plaintiff asserts the Commissioner improperly assessed her with an overpayment of benefits in the amount of $21, 281.80 sometime after the ALJ issued his February 3, 2004 decision.  Although unclear, it appears Plaintiff argues the Court should remand this case to correct the overpayment assessment.  The Court disagrees.  As stated, the Court's scope of review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971).  In his decision, the ALJ made no findings or conclusions regarding the alleged assessment of benefits.  Accordingly, the matter falls outside this Court's scope of review.

## V.    CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to enter judgment

pursuant to sentence four, 42 U.S.C. 405(g) **REVERSING** the Commissioner's decision

and  **REMANDING** this matter with instructions to (1) reconsider the Plaintiff's

allegations of pain, and, if they are rejected as not creditable, explain fully why they are

being rejected; (2) conduct any other proceedings deemed appropriate.  Thereafter, the

Clerk is directed to close the file.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this $28^{rt}$ day of

September, 2005.


MONTE C. RICHARDSON
United States Magistrate Judge


Copies to:


Counsel of Record

Any Unrepresented Party